UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PERRY L. HOLMES,

    Plaintiff,

v.

STATE OF WASHINGTON, THURSTON COUNTY SHERIFF OFFICE SRO UNIT, INDETERMINATE SENTENCE REVIEW BOARD,

    Defendants.

Case No. C08-5574

ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS.

    This matter comes before the court on State Defendants' Motion to Dismiss. Dkt.7. The court has considered the relevant documents and the remainder of the file herein.

    On October 2, 2008, the plaintiff Perry L. Holmes filed a complaint under 42 U.S.C. § 1983, naming as defendants the State of Washington with Governor Christine Gregoire in her official capacity, the Indeterminate Sentence Review Board with Chair Jeralita "Jeri" Costa in her official capacity, and the Thurston County Sheriff's Office and Det. Daryl Leischner SRO Unit. Dkt. 3.

    On January 16, 2009, the State Defendants, which include the State of Washington, Governor Christine Gregoire in her official capacity, the Indeterminate Sentence Review Board, and Jeri Costa in her official capacity, filed a motion to dismiss the plaintiff's claims against them pursuant to the Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. 7. The court notes that the named defendant Thurston County Sheriff's Office and Det. Daryl Leischner SRO Unit is not included in "State Defendants'

ORDER
Page - 1

Motion to Dismiss." Dkt. 7.

The plaintiff filed no response to the defendants' motion to dismiss. Under CR 7(d)(3), any opposition papers to a motion to dismiss shall be filed and served not later than the Monday before the noting date. If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit. CR 7(b)(2). Here, the court should grant the defendants' motion to dismiss because the plaintiff failed to respond, and, under CR 7(b)(2), this is an admission that the defendants' motion has merit.

Furthermore, the court has reviewed the defendants' uncontested submissions in support of this motion to dismiss, and these submissions indicate that dismissal is appropriate.

First, the plaintiff cannot state a claim for relief against the State Defendants because the State, its agencies, and individuals in their official capacities are not "person[s]" for the purposes of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that the state nor its officials acting in their official capacity are "persons" under § 1983). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that the defendant was a "person" acting under color of state law, and the defendant deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Briley v. California,* 564 F.2d 849, 853 (9th Cir. 1977). The plaintiff names as defendants the State of Washington with Governor Christine Gregoire acting in her official capacity and the Indeterminate Sentence Review Board with Jeri Costa acting in her official capacity. Dkt. 3. These defendants cannot be sued under 42 U.S.C. § 1983 and should be dismissed from this suit.

Second, assuming that the plaintiff amends his suit and names the State Defendants in their individual capacities, the plaintiff fails to state a claim against these defendants because he has not alleged that they personally participated in the alleged violation of his rights. A plaintiff must establish under § 1983 that a defendant personally participated in a deprivation of the plaintiff's right, or caused such a deprivation to occur. *Arnold v. IBM,* 637 F.2d 1350, 1355 (9th Cir. 1981). The plaintiff did not allege specific facts in his complaint (Dkt. 3) that the State of Washington, Governor Christine Gregoire in her official capacity, the Indeterminate Sentence Review Board, or Jeri Costa in her official capacity, personally participated in the alleged deprivation of his civil rights; therefore, these defendants should be dismissed.

Third, the State Defendants have immunity from suit in damages because, under the Eleventh Amendment, a state has the power to determine whether it may be sued and the State of Washington has not waived its Eleventh Amendment immunity. *See Alden v. Maine*, 527 U.S. 706, 713-30 (1999). Therefore, the plaintiff's claim against the State of Washington, Governor Christine Gregoire in her official capacity, the Indeterminate Sentence Review Board, and Jeri Costa in her official capacity should be dismissed.

Fourth, the State Defendants are entitled to qualified immunity because the sex offender registration requirements did not violate clearly established law, and the State Defendants appeared to reasonably follow federal and state law. *See Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009) (holding that the *Saucier* two-part inquiry is not mandatory in all cases and that courts may exercise their sound discretion in deciding which of the two prongs should be addressed first in light of the particular case at hand.); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001) (establishing the courts' two-part inquiry whether facts alleged or shown by a plaintiff make out a violation of a constitutional right, and if so, whether that right was clearly established at the time of the defendant's alleged misconduct.) Therefore, the plaintiff's claims against the State of Washington, Governor Christine Gregoire in her official capacity, the Indeterminate Sentence Review Board, and Jeri Costa in her official capacity should be dismissed.

Fifth, the plaintiff's allegations that the registration requirements have increased his punishment fails to state a claim for relief because sex offender registration does not constitute punishment forbidden by the Ex Post Facto Clause. *See Smith v. Doe*, 538 U.S. 84, 105-106 (2003) (holding that because sex offender registration is not punitive under the "intent-effects" test, it does not violate the Ex Post Facto Clause.); *see also Russell v. Gregoire*, 124 F.3d 1079, 1083-1093 (9th Cir. 1997) (holding prior to *Smith* that Washington's sex offender registration law does not violate the Ex Post Facto Clause.) Therefore, the plaintiff's claim against the State of Washington, Governor Christine Gregoire in her official capacity, the Indeterminate Sentence Review Board, and Jeri Costa in her official capacity should be dismissed.

Sixth, the plaintiff vaguely mentions in his complaint House Bill 2713, a bill that allows the collection of DNA samples from convicted sex offenders. The complaint does not allege any specific facts concerning this bill. *See* Dkt. 3 at 3. Because the plaintiff alleges no specific facts on how this bill violated

his constitutional rights, this claim should be dismissed against the State Defendants. Even if the plaintiff were to allege specific facts related to this bill, the defendants would entitled to qualified immunity because the plaintiff has not shown that these defendants violated clearly established law.

Before the court dismisses a *pro se* complaint, the court must afford the plaintiff an opportunity to file an amended complaint unless amendment would be futile or where the amended complaint would be subject to dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir 1987); *Lopez v. Smith*, 203 F.3d 1122, 1130-21 (9th Cir. 2000); *Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296 (9th Cir. 1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). Here, it appears that the plaintiff's claims against the State Defendants would be futile due to the reasons discussed above and his amended complaint would be dismissed.

Therefore, it is hereby

**ORDERED** that State Defendants' Motion to Dismiss is **GRANTED**. Defendants State of Washington, Governor Christine Gregoire in her official capacity, the Indeterminate Sentence Review Board, and Chair Jeralita Costa in her official capacity are **DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 19th day of February, 2008.

ROBERT J. BRYAN
United States District Judge